FILED
SCRANTON

APR 0 8 2014

PER_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA M. URRATIA,<br>Plaintiff | : <br> : <br> : CIVIL ACTION NO. 4:10-2328 |
| v. | : <br> : (JUDGE NEALON) |
| CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br>Defendant | : <br> : (MAGISTRATE JUDGE<br> :   MEHALCHICK)<br> : |

## MEMORANDUM

On November 10, 2010, Plaintiff, Monica M. Urratia, filed a complaint seeking review of the dismissal of her application for disability insurance benefits ("DIB"). (Doc. 1). A Report was issued by United States Magistrate Judge Karoline Mehalchick on January 31, 2014 recommending that Plaintiff's appeal be denied. (Doc. 18). Plaintiff filed objections, and a brief in support thereof, to the Report and Recommendation ("R&R") on February 11, 2014 and Defendant filed a response on February 20, 2014. (Docs. 9-11). The matter is ripe for disposition and, for the reasons set forth below, the R&R will be adopted.

### Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for Michael J. Astrue as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Discussion

Magistrate Judge Mehalchick accurately set forth the procedural history in the R&R and the same is adopted herein. (Doc. 18, pp. 1-3). Also, the Magistrate Judge

adequately analyzed the findings of the Administrative Law Judge ("ALJ") and the evidence of record. (Doc. 18, pp. 5-18). Magistrate Judge Mehalchick stated that "the ALJ's conclusion that Plaintiff was able to sustain regular and continued work activities is supported by substantial evidence." (Doc. 18, p. 18). Specifically, the Magistrate Judge concluded: (1) the ALJ's credibility determinations of Plaintiff and her mother's subjective testimony is supported by substantial evidence; and (2) the ALJ adequately considered the opinion of Dr. Goldman and did not err in assigning limited weight to that opinion. (Doc. 18, pp. 20-23). Magistrate Judge Mehalchick recommended Plaintiff's appeal be denied. (Doc. 18, p. 24).

In the brief supporting her objections, Plaintiff sets forth the same arguments raised before the Magistrate Judge. Plaintiff again argues that the ALJ erred in his credibility determinations regarding Plaintiff's testimony. (Doc. 20, pp. 4-5). This argument was already made and thoroughly addressed by the Magistrate Judge. (Doc. 14, p. 4); (Doc. 18, pp. 20-21). Next, Plaintiff again contends that her ability "to keep her medical appointments does not mean that she is either symptom-free or able to carry out the duties of employment on that day or on a regular basis." (Doc. 20, p. 4). This contention was also previously presented and correctly addressed by Magistrate Judge Mehalchick. See (Doc. 14, p. 6) ("It is submitted, however, that there is an enormous difference between being able to attend medical appointments and being able to hold down full time employment. Further, it could easily be argued that a failure to attend

3

medical appointments undermines the severity of alleged symptoms."); see also (Doc. 18, p. 20) ("This is unpersuasive, as it was only one of the factors considered by the ALJ in determining that Plaintiff could maintain steady employment during the relevant period."). Additionally, Plaintiff again contests the ALJ's reliance on Plaintiff's ability to perform personal care, shop, clean, and exercise. (Doc. 20, p. 5). This issue was raised before the Magistrate Judge and considered. See (Doc. 14, pp. 7-8) and (Doc. 18, n. 9). Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy[2] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (Overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

Plaintiff makes one new argument that the ALJ erroneously places great weight on the functional capacity test given by Dr. Violago. (Doc. 20, p. 5). This too is not a specific objection to the R&R, rather is a direct contention with the ALJ's decision which

---

[2]The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

is no where raised in this appeal prior to this brief, other than the general argument that the ALJ's decision is not supported by substantial evidence.[3] Because it is not a specific objection to the R&R and was not specifically raised before Magistrate Judge Mehalchick, but was generally raised and addressed by the Magistrate Judge, it will also not be given de novo review. See M.D. Pa. Local Rule 72.3; see also Sanders, 2013 U.S. Dist. LEXIS 89743 at *8-9.

A review of the entire record of this appeal reveals no clear error in Magistrate Judge Mehalchick's Report and Recommendation.

## Conclusion

After review, Magistrate Judge Mehalchick's Report and Recommendation will be adopted. It is concluded that the ALJ's determinations are supported by substantial evidence and Plaintiff's appeal will be denied.

A separate Order will be issued.

Date: April 8, 2014

_____
**United States District Judge**

---

[3] Magistrate Judge Mehalchick noted that the ALJ relied on the clinical findings of Dr. Violago and Plaintiff's admissions regarding her daily activities in balancing the evidence in concluding the ALJ's determinations were supported by substantial evidence. (Doc. 18, pp. 21-24).